IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Linart Randolph, #279485, ) | Civil Action No.: 3:10-162-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden McKiether Bodison, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, brought this habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner is currently an inmate at Lieber Correctional Institution in Ridgeville, South Carolina.

On May 5, 2010, Respondent filed his [Docket Entry 11] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 12]. Because Petitioner is proceeding *pro se*, this court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 6, 2010, advising Petitioner of the motion for summary judgment procedure and possible consequences if he failed to respond adequately. Petitioner timely responded to the motion for summary judgment.

This case is now before the court with the [Docket Entry 18] Report and Recommendation ("R & R") of United States Magistrate Judge Joseph R. McCrorey[1] filed on September 14, 2010. In the R & R, the Magistrate Judge recommended that Respondent's summary judgment motion should be granted and this petition dismissed. Petitioner timely filed objections to the R & R on

---

[1] This matter was automatically referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 73.02(B)(2)(c) and (e) (D.S.C.).

September 24, 2010.[2] *See* Obj. [Docket Entry 21].

## Background

On March 2, 2001, the body of Ronald Epps was found in a mobile home in Newberry County, South Carolina, that was the residence of Petitioner and his wife, Annette Randolph ("Annette"). Epps had been beaten to death with a hammer that was discovered at the scene. Petitioner and Annette were eventually charged with conspiracy to commit murder and murder. Trial commenced in Newberry County on October 29, 2001. Petitioner was represented by Christopher Moran, Esquire. The trial court granted a motion for directed verdict on the conspiracy charge. Ultimately, Petitioner and Annette were both convicted of murder.

On direct appeal, Petitioner was represented by Harry T. Heizer, Jr., Esquire. Petitioner raised the following issues:

> I. Did the trial judge err in allowing evidence of appellant's crack use, when the evidence served no purpose but to convince the jury of appellant's bad character?
>
> II. Did the trial judge err in allowing the state to introduce the written statement of Annette Randolph during the presentation of the defense's case?

Suppl. App. [Docket Entry 12-6] at 34. On December 6, 2004, the South Carolina Court of Appeals confirmed Petitioner's conviction. *Id.* at 6. Petitioner's petition for rehearing was denied on January 20, 2005. *See* Jan. 20 Order [Docket Entry 12-8]. Petitioner then filed a petition for a writ of certiorari in the South Carolina Supreme Court, asserting the following:

> I. Did the Court of Appeals err in holding the admission of Petitioner's Co-Defendant's written statement by the state, during the defense case, was not improper?

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1987) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

2

First Petition for Writ [Docket Entry 12-9] at 4. The Supreme Court denied Petitioner's petition for writ of certiorari on March 22, 2006. Suppl. App. [Docket Entry 12-6] at 4. Remittitur was returned on March 23, 2006. *Id.* at 3.

On June 28, 2006, Petitioner filed an application for post-conviction relief ("PCR"). App. [Docket Entry 12-5] at 7. The PCR court held an evidentiary hearing on March 22, 2007. *Id.* at 50-51. Thereafter, the PCR court issued an order of dismissal on May 10, 2007. *Id.* at 99.

A petition for a writ of certiorari was filed on Petitioner's behalf by the South Carolina Commission on Indigent Defense raising the following issue:

> Did the PCR court err by finding defense counsel was not ineffective for failing to object to the "hand of one is the hand of all" instruction where the trial court directed a verdict on the conspiracy charge in petitioner's joint murder trial with his wife, since there was no evidence petitioner was acting in concert, pursuant to an agreement, with his wife or anyone else at the time of the murder, especially where petitioner's wife could not even recall petitioner's whereabouts at the time the murder occurred in their home because of her extraordinary drug use?

Second Petition for Writ [Docket Entry 12-12] at 3. The case was transferred to the South Carolina Court of Appeals which denied Petitioner's petition for a writ of certiorari on December 2, 2009. Dec. 2 Order [Docket Entry 12-14]. Remittitur was returned on December 18, 2009. *See* Remittitur [Docket Entry 12-15].

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Habeas Grounds for Relief**

In the present § 2254 Petition, Petitioner asserts that he is entitled to a writ of habeas corpus on the following ground:

> The state court decision not finding counsel inept, and constitutionally ineffective under Strickland "vs" Washington was contrary to and objectively unreasonable to clearly established federal law as determined by the U.S. Supreme Court, and the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Memo. in Supp. of Petition [Docket Entry 1-1] at 2. As supporting facts, Petitioner set fort the following:

> The petitioner and his wife were indicted for conspiracy to commit murder, and murder. At trial, during the direct verdict stage, the court found that the petitioner did not have the "MENS REA" to be in conspiracy with his wife to commit the crime of murder, and dismissed the conspiracy count in the indictment (APP. P. 220 L.19-25 THROUGH APP. P. L. 1-11). However, during the jury instruction phase of the trial, the judge charged the jury on the hands of one is the hands of all (APP. P 385 L.23-25 THROUGH APP. P 386 L. 1-22), and counsel did not object to this charge when this charge illuminates agreement between parties, and petitioner was convicted basically for this jury instruction.

*Id.* For relief, Petitioner seeks to "be released from custody." Petition [Docket Entry 1] at 14.

4

**Discussion**

I.  Applicable Law

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id* § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

Claims of ineffective assistance of counsel must be reviewed under the two-part test

enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show that the performance of counsel was deficient or "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Second, he must show prejudice, in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In cases brought under § 2254, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. . . . Rather, . . . § 2254(d)(1) requires a habeas petitioner to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004) (internal quotations and citations omitted).

II.  Objections

In his R & R, the Magistrate Judge found that

> a person can be found guilty as an accomplice even though there is no common design (i.e., conspiracy) if he is present and intentionally aids and abets the perpetrator. The fact that the trial court granted a directed verdict on the conspiracy charge, therefore, does not necessarily preclude an instruction on accomplice liability.

R & R at 7.[3] Further, the Magistrate Judge found that, under the circumstances of this case, "an instruction on accomplice liability was appropriate, and there was no error by trial counsel in failing to object." *Id.* at 8.

Petitioner first argues in his objections that the Magistrate Judge erred in failing to discuss

---

[3] The court notes that it is unclear whether Petitioner objected to this recommendation. While Petitioner did file objections, which are discussed in turn below, Petitioner did not appear to object to the Magistrate Judge's finding that a directed verdict on the conspiracy charge did "not necessarily preclude an instruction on accomplice liability." Regardless, the court has reviewed the R & R, and finds itself in agreement with the Magistrate Judge's analysis and recommendation.

6

the standard enunciated in *Brecht v. Abrahamson*, 507 U.S. 619 (1993).[4] The court overrules this objection. Petitioner's habeas claim alleges ineffective assistance of counsel. *See* Memo. in Supp. of Petition at 2. "Claims that counsel provided ineffective assistance are governed by the familiar two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Bowie v. Branker*, 512 F.3d 112, 118 (4th Cir. 2008); *see also Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005) ("The legal principle applicable to claims of ineffective assistance of counsel are set forth in *Strickland* . . . ."). In the R & R in this matter, the Magistrate Judge properly set forth the *Strickland* standard, and analyzed Petitioner's claim accordingly. Ultimately, the Magistrate Judge concluded that "there was no error by trial counsel." R & R at 8. Accordingly, because the Magistrate Judge determined that no error occurred, it was unnecessary for the Magistrate Judge to conduct an analysis of any alleged prejudice.

Petitioner also argues in his objections that he can "demonstrate prejudice because he was deprived of constitutional rights under the 5th, 6th, and fourteenth amendment." Obj. at 3. More specifically, Petitioner cites *In re Winship*, 397 U.S. 358 (1970), and contends that "the State trial court's jury instruction on the law of principals (ie) 'Accomplice liability Theory,' was contrary to the Fourteenth Amendment due process guarantees," as it relieved the State of its burden of proving beyond a reasonable doubt every element of murder–"namely, [the] specific intent to kill." Obj. at 3. For these reasons, Petitioner argues his trial counsel was ineffective for failing to object to the "hands of one, hands of all" jury instruction. *Id.* at 4. The United States Supreme Court, in *Winship*, held that "the Due Process Clause protects the accused against conviction except upon proof beyond

---

[4] The *Brecht* case provides that a federal court must assess the prejudicial impact of constitutional error in state-court criminal trial under the "substantial and injurious effect" standard. *Fry v. Pliler*, 551 U.S. 112, 114 (2007).

a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Upon review, the court finds that the State trial court's jury instruction on accomplice liability did not relieve the State of its burden of proof, and therefore Petitioner's trial counsel was not ineffective in failing to object to said instruction. As a matter of fact, the trial court specifically instructed the jury as follows:

> [T]he burden is upon the State to establish beyond a reasonable doubt both of the defendants and each of them were present and that they were there with the criminal intent, that is to say that the intent to aid, encourage and abet another or others in committing the offense of murder.

App. [Docket Entry 12-4] at 89. The trial court further explained the crime of murder:

> Murder is the killing of any person with malice aforethought either expressed or inferred. Therefore in order to convict one of murder the State must not only prove the killing of the deceased by the defendant but that it was done with malice aforethought and such proof must be beyond a reasonable doubt . . . .

*Id.* at 90. Thereafter, the trial court once again reminded the jury that "the State must prove every element of the offense charged in [the] case and must prove every element beyond a reasonable doubt." *Id.* at 92. A review of this jury instruction, in its entirety, reveals that the instruction did not relieve the State of its burden of proving every element of the crime charged beyond a reasonable doubt. To the contrary, not only did the jury instruction charge all the elements of murder–the crime charged–but it repeatedly instructed the jury of the State's requirement to prove every element beyond a reasonable doubt. Moreover, courts have routinely and recently upheld murder convictions that were based on the theory of accomplice liability. *See, e.g., State v. Gibson*, __ S.E.2d __, 2010 WL 3853055 (S.C. Ct. App. Sept. 29, 2010); *State v. Mattison*, 697 S.E.2d 578 (S.C. 2010); *State v. Halcomb*, 676 S.E.2d 149, 151 n.1 (S.C. Ct. App. 2009) (affirming murder conviction where defendants "were convicted under the 'hand of one is the hand of all' theory of accomplice

8

liability"); *State v. Curry*, 636 S.E.2d 649 (S.C. Ct. App. 2006). Accordingly, the court finds Petitioner's trial counsel was not ineffective for failing to object.

## Conclusion

The court has thoroughly reviewed the R & R, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the R & R of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED** and this petition is hereby **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 9, 2010